```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____


WORLD CLASS VENDING,INC.,

                         Plaintiff,           05-CV-6496(T)
-vs-
                                              DECISION
SAVORY SNACKS VENDING, INC.,

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff, World Class Vending, ("plaintiff" or "WCV") brings this action for breach of contract and quasi-contract against Savory Snacks Vending Inc., ("defendant" or "Savory"). Plaintiff now moves for default judgment pursuant to Federal Rule of Procedure 55(b)(2) because more than twenty days have passed since service of the summons and complaint and defendant has failed to plead or otherwise defend.

For the reasons set forth below, plaintiff's motion for default judgment is granted.

## BACKGROUND

The following allegations are uncontested as alleged by the plaintiff because the defendant has not appeared in this action and has not responded to any of the plaintiff's submissions including the summons and complaint filed September 22, 2005.

On January 30, 2002, WCV and Savory entered into a contract whereby Savory agreed to make payments to WCV in

exchange for, among other things, the use of plaintiff's branded vending machines for the sale of ice cream and confectionery. Ultimately, WCV delivered a total of 188 vending machines (106 for ice cream and 82 for confectionary) to Savory pursuant to the 53-month period agreement.

According to the terms of the contract, if Savory failed to make the agreed upon payments, WCV was entitled to recover its machines. Beginning in the third quarter of 2003, Savory failed to make payments as required by the agreement. Following the terms of the contract, WCV declared the agreement terminated in September 2004, and demanded return of the machines. Although Savory eventually returned all of the machines, several were not returned in a timely manner. Additionally, with the exception of one $2,000 payment, Savory has failed to make payments under the terms of the agreement with WCV.

After many unsuccessful attempts to collect this debt, plaintiff filed this Complaint on September 22, 2005. Pursuant to New York Business Corporation Law ("BCL") § 306, plaintiff served defendant with the Summons and Complaint by delivering them to the New York Secretary of State on October 25, 2005. Savory has failed to appear in this action or otherwise respond to the plaintiff's complaint. At the plaintiff's request, on December 29, 2005 the Clerk of this Court issued an entry of default against defendant in the amount of $511,309.82. Plaintiff alleges that $511,309.82 is the total amount due from

Savory, of which $232,118.27 is the total of installment payments due between September 2003 and the dates the machines were returned plus interest and $279,191.55 is the obligatory amount due to fulfill the remainder of the contract. Plaintiff has provided a copy of the contract and a detailed accounting in support of its application. Plaintiff now requests that the Court enter judgment in its favor, and against the defendant Savory in the amount of $511,309.82, plus additional accrued pre-judgment interest, post-judgment interest, and costs.

## **DISCUSSION**

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process by which a plaintiff may secure a default judgment against a defendant. Fed.R.Civ.P. 55. "First, a plaintiff [moving for default judgment] must obtain an Entry of Default from the Clerk of the Court pursuant to Fed.R.Civ.P. 55(a) and, second, the moving party must seek a default judgment from the...Court." Journeyman Plumbers & Apprentices UA Local Union No.22 v. Boyd Mech., No. 01-CV-0516E(F), 2003 U.S. Dist. LEXIS 52077, at *4 (W.D.N.Y. Nov. 13, 2003). Furthermore, "[b]y its terms [Rule] 55(b)(2) leaves the decision of whether a hearing [to determine damages] is necessary to the discretion of the district court." Fustok v. Conticommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989). Damages can be based on detailed affidavits and documentary evidence. See Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991).

Here, plaintiff complied with the requirements of Rule 55 having first obtained an Entry of Default and accordingly now seeks a default judgment from the Court. Additionally, plaintiff has submitted detailed affidavits and documentary proof in support of its damages claims, and therefore I find that a hearing to determine damages is unnecessary.

## **CONCLUSION**

Based on defendant's failure to appear, plaintiff's allegations are deemed to have been admitted and I find that plaintiff is entitled to relief. I thereby grant the entry of default judgment ordering:

1) Plaintiff's motion for default judgment is granted; and it is further ordered that

2) Defendant pay damages in the amount of $511,309.82 plus any additional accrued pre-judgment interest, post-judgment interest, and $290.00 in costs.

          S/ Michael A. Telesca
            MICHAEL A. TELESCA
         United States District Judge

Dated:   Rochester, New York
         March 10, 2006